UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PETER MYRTLE and** | * | **CIVIL ACTION NO. 2:10-CV-01677** |
| **BRITISH-AMERICAN INSURANCE** | * | |
| **GROUP, LTD** | * | |
| | * | **JUDGE:  IVAN L.R. LEMELLE** |
| **VERSUS** | * | |
| | * | |
| **NICK GRAHAM and AON** | * | |
| **CORPORATION** | * | **MAG.:  JOSEPH WILKINSON, JR.** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIMS AGAINST AON CORPORATION FOR LACK OF PERSONAL JURISDICTION**

MAY IT PLEASE THE COURT:

 Defendant, Aon Corporation, hereby submits the following Memorandum in Support of its Motion to Dismiss the claims of Plaintiffs, Peter Myrtle and British-American Insurance Group, Ltd. (BAIG), for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2).  For the reasons set forth more fully below, this Motion should be granted.  Aon Corporation has no contacts with Louisiana sufficient to establish personal jurisdiction.  Therefore, Plaintiffs' claims against Aon Corporation must be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises out of correspondence sent by defendant, Nick Graham ("Graham"), to two companies in Louisiana and one company in Ontario, Canada.[1] Graham is an employee of Aon Limited, a corporation regulated by the Financial Services Authority of the United Kingdom and registered in England and Wales.[2] Aon Limited does business as or trades as Aon Benfield, a London-based reinsurance broker.[3] Sometime in 2009, Graham had a conversation with plaintiff, Peter Myrtle ("Myrtle").[4] Myrtle is employed by BAIG, who uses Aon Benfield as its London reinsurance correspondence broker. Myrtle informed Graham that BAIG had taken more than $1,000,000 from a BAIG account containing a mixture of BAIG and client money.[5] Myrtle further told Graham that some of the money taken from that account was owed, or belonging, to BAIG clients. As a result of these conversations, Aon Benfield notified BAIG that it could not longer do business with BAIG and that it had no choice by to advise relevant company customers and reinsurers of the information provided to Graham. BAIG threatened legal action against Aon Benfield if it disclosed this information to relevant customers and reinsurers. Aon Benfield provided BAIG and Myrtle an opportunity to clarify these comments and demonstrate that clients' funds were not mishandled. After BAIG and Myrtle refused, Graham sent two letters to companies in Louisiana and a similar letter to a company in Ontario, Canada, advising them that Aon Benfield would no longer be doing business with BAIG because of the disclosures made by Myrtle to Graham.[6]

---

[1] Ex. A: Nick Graham Correspondence, *en globo*.
[2] Ex. B: Affidavit of Jennifer L. Kraft, ¶ 4.
[3] *Id.* at ¶¶ 4, 11; *see also* Ex. A: Nick Graham Correspondence, *en globo* (stating that Aon Limited trades as Aon Benfield).
[4] Ex. A: Nick Graham Correspondence, *en globo*.
[5] *Id.*
[6] *Id.*

Subsequently, two lawsuits were filed against BAIG alleging that BAIG had mishandled client funds.[7] BAIG and Myrtle filed suit against Graham and Aon Corporation in the 22nd JDC for the Parish of St. Tammany, *Peter Myrtle and British-American Insurance Group, Ltd. v. Nick Graham and Aon Corporation*, No. 2010-12520, alleging that the statements contained in the letters sent by Graham were "defamatory per se."[8] Plaintiffs do not, however, allege that the statements made by Graham were false.[9] The case was subsequently removed to this Court because of complete diversity between the parties and satisfaction of the amount-in-controversy requirement.[10]

## II. LAW AND ARGUMENT

**1.   Legal Analysis**

In the context of a motion filed pursuant to Rule 12(b)(2), a plaintiff must establish a court's personal jurisdiction over the defendant. *Stanley v. Trinchard*, 2010 WL 1992007, at *2 (E.D. La.) (*citing Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). "As a federal court sitting in diversity, [the] court may exercise personal jurisdiction over [a] defendant if the Louisiana long-arm statute confers personal jurisdiction over them and the exercise of personal jurisdiction comports with due process under the United States Constitution." *Brammer Engineering, Inc. v. East Wright Mountain Ltd. Partnership*, 2009 WL 150653, at *2 (5th Cir. 2009) (*citing Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). "Because the Louisiana long-arm statute extends to the limits of due process, [] the usual two-step inquiry [is collapsed] into a single question: whether the exercise of personal jurisdiction over the defendants is permissible under the Due

---

[7] *Health Care Facilities of California Mut. Ins. Co., Inc. v. British American Insurance Group, Ltd., et al.*, United States District Court Central District of California, Case No. CV10-3736 PSG; and *LNHA Liability Trust v. British American Insurance Group, Ltd, et al.*, 22nd JDC, Parish of St. Tammany, No. 2010-11605.
[8] Ex. C: Petition for Damages.
[9] *Id.*
[10] *See* Notice of Removal, Rec. Doc. 1.

3

Process Clause of the Fourteenth Amendment." *Brammer Engineering*, 2009 WL 150653 at \*2 (*citing Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)).

The Due Process Clause permits exercising personal jurisdiction over a nonresident defendant if: "(1) the defendant has purposefully availed himself of the protections and benefits of the forum state by establishing minimum contacts with that state, and (2) the exercise of jurisdiction comports with fair play and substantial justice." *Brammer Engineering*, 2009 WL 150653 at \*2 (internal citations and quotations omitted). "These minimum contacts may be established through contacts sufficient to support 'specific jurisdiction,' or contacts so systematic and continuous as to support 'general jurisdiction' over the defendant." *Id.* (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) and *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)). In determining whether personal jurisdiction exists, a court is not restricted to pleadings, but may consider affidavits, interrogatories, depositions, or any other appropriate method of discovery. *Sinclair v. StudioCanal, S.A.*, 2010 WL 1743208, at \*5 (E.D. La.)(*citing Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)); *see also Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 752 (5th Cir. 1996).

"Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (internal citations and quotations omitted). "Random, fortuitous, or attenuated contacts are not sufficient to establish [specific] jurisdiction." *Stanley v. Trinchard*, 2010 WL 1992007, at \*2 (E.D. La.). The United States Fifth Circuit Court of Appeals follows a three-step analysis for specific jurisdiction: (1) first, the court must determine "whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its

4

activities toward the forum state or purposefully availed itself of the privileges of conducting activities there;" (2) second, the court considers "whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts;" and, (3) if plaintiff satisfies the first two prongs, the "burden shifts to the defendant to defeat jurisdiction by showing that [the] exercise of jurisdiction would be unfair or unreasonable." *Id.* at *3 (internal citations omitted).

To exercise general jurisdiction, on the other hand, "the court must determine whether the contacts are sufficiently systematic and continuous to support a reasonable exercise of jurisdiction." *Id.* (*citing Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986)). "[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.*

**2.     Plaintiffs' Claims Against Aon Corporation Must be Dismissed for Lack of Personal Jurisdiction.**

To establish that this Court has personal jurisdiction over Aon Corporation, Plaintiffs must prove that Aon Corporation has purposefully directed its activities at Louisiana and that the instant litigation results from alleged injuries that arise out of, or relate to, those activities, *or* that Aon Corporation has systematic and continuous contacts with Louisiana. Plaintiffs can do neither, and therefore their claims against Aon Corporation must be dismissed for lack of personal jurisdiction.

**A.     Aon Corporation Has No Contacts with Louisiana Sufficient To Support Personal Jurisdiction**

There is no evidence to support personal jurisdiction over Aon Corporation. Louisiana courts may exercise personal jurisdiction over a non-resident defendant such as Aon Corporation if Aon Corporation has "purposefully availed" itself of the "protections and benefits of [Louisiana] by establishing minimum contacts" with the state. *Brammer Engineering*, 2009 WL

150653 at *2 (5th Cir. 2009). Neither "general" nor "specific" jurisdiction exists in this case, and therefore personal jurisdiction over Aon Corporation is improper.

Aon Corporation has not purposefully directed its activities at Louisiana, and thus specific jurisdiction is improper. Furthermore, there a no evidence that Aon Corporation has systematic and continuous contacts with Louisiana, and therefore general jurisdiction does not exist. *See e.g., DNH, L.L.C. v. In-N-Out Burgers*, 381 F.Supp.2d 559 (E.D. La. 2005)(operator's registration to do business in Louisiana was insufficient, without more, to warrant exercise of general personal jurisdiction); *Wenche Siemer v. The Learjet Acquisition Corp.*, 966 F.2d 179, 181-83 (5th Cir. 1992) (finding no authority to support "the proposition that the appointment of an agent for process and the registration to do business within the state, without more, suffices to satisfy the criteria for the exercise of general jurisdiction"). Aon Corporation is incorporated under the laws of Delaware, with its principal and sole place of business in Chicago Illinois.[11] The only business conducted by Aon Corporation is its management of investments in its operating subsidiaries.[12] Aon Corporation has no employees or offices in Louisiana, it is not licensed to do business in Louisiana and does not conduct business in Louisiana.[13] Plaintiffs concede this fact in their Petition for Damages.[14] Furthermore, Aon Corporation has no office, bank account or employees in Louisiana.[15]

Under either theory – general or specific jurisdiction – Aon Corporation simply has no contacts with Louisiana to support the exercise of personal jurisdiction. As such, Plaintiffs' claims against Aon Corporation must be dismissed.

---

[11] Ex. B: Affidavit of Jennifer L. Kraft, ¶ 2.
[12] *Id.* at ¶ 3.
[13] *Id.* at ¶ 2.
[14] Ex. "C": Petition for Damages, ¶ 1.
[15] Ex. B: Affidavit of Jennifer L. Kraft, ¶ 2.

**B.     Any Louisiana Contacts of Nick Graham and/or Aon Limited, d/b/a Aon Benfield Cannot Support The Exercise of Personal Jurisdiction over Aon Corporation.**

Recognizing that Aon Corporation has no contacts with Louisiana that would support this Courts exercise of personal jurisdiction, Plaintiffs allege, without factual support, that Aon Corporation is "doing business as AON Limited and AON Benfield."[16] This statement is incorrect. Aon Limited does business as or trades as Aon Benfield.[17] Importantly, Aon Corporation does not do business as Aon Limited, d/b/a Aon Benfield. Furthermore, any possible contacts that Aon Limited, d/b/a Aon Benfield may have with Louisiana cannot impute personal jurisdiction to Aon Corporation.

"Courts presume the institutional independence of related corporations, such as a parent and its subsidiary, when they determine if one corporation's contacts with a forum can be the basis of jurisdiction over a related corporation." *Administrators of Tulane Educational Fund v. Biomeasure, Inc.*, 687 F.Supp.2d 620, 624 (E.D. La. 2009)(*citing Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999)). "It is established in the Fifth Circuit that when a wholly owned subsidiary is operated as a distinct corporation, its contacts with the forum cannot be imputed to the parent." *Administrators of Tulane Educational Fund*, 687 F.Supp.2d at 624 (*citing Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 773-74 (5th Cir. 1988)); *see also Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983) (finding that when parent and subsidiary maintain separate and distinct corporate entities, presence of one may not be attributed to the other). To fuse the two companies for jurisdictional purposes, "there must be ***proof of control by the parent over the internal business operations and affairs of the***

---

[16] Ex. "C": Petition for Damages, ¶ 1.
[17] Ex. B: Affidavit of Jennifer L. Kraft, ¶ 4; *see also* Ex. A: Nick Graham Correspondence, *en globo* (stating that Aon Limited trades as Aon Benfield). Hereinafter these two companies will be referred to as "Aon Limited, d/b/a Aon Benfield."

7

*subsidiary*." *Hargrave*, 710 F.2d at 1160 (emphasis added). "The rationale for such an exercise of jurisdiction is that the parent corporation exerts such domination and control over its subsidiary that they do not in reality constitute separate and distinct corporate entities but are one and the same corporation for purposes of jurisdiction." *Id.* at 1159 (internal quotations and citations omitted).

In *Hargrave*, the Fifth Circuit identified the following factors for determining the relationship between a parent and a subsidiary company:

> (1) amount of stock owned by the parent of the subsidiary; (2) did the two corporations have separate headquarters; (3) did they have common directors; (4) did they observe corporate formalities; (5) did they maintain separate accounting systems; (6) did the parent exercise complete authority over general policy; (7) did the subsidiary exercise complete authority over daily operations.

*Turan v. Universal Plan Inv. Ltd.*, 70 F.Supp.2d 671, 675 (E.D. La. 1999)(*citing Hargrave*, 710 F.2d at 1160). After reviewing those factors, the Fifth Circuit in *Hargrave* declined to attribute a subsidiary's contacts with a forum to its parent because "the corporate formalities were scrupulously observed," including "separate bank accounts, accounting and payroll systems, insurance contracts, budgets, and financial records."  710 F.2d at 1160. The parent and subsidiary "filed separate tax returns," and "[n]o assets of the corporations were commingled." *Id.*  The Fifth Circuit reached this result even though the parent "had complete authority over [the subsidiary's] general policy decisions ..., including such matters as selection of product lines, hiring and firing ... officers, and approval of sizable capital investments." *Id.*  The Court found this level of control "no more than that appropriate for a sole shareholder of a corporation, and certainly not enough to warrant the extraterritorial exercise of jurisdiction over that shareholder." *Id.* at 1161.

The relationship between Aon Corporation and Aon Limited, d/b/a Aon Benfield is no where close to that which existed in *Hargrave*, where the Fifth Circuit refused to find personal jurisdiction over the parent company. Aon Corporation is the non-operating holding company for the capital stock of various subsidiaries, and although it manages its investments in various subsidiaries, it does not otherwise operate or do business.[18] Specifically, Aon Corporation is a non-operating parent of Aon UK Group Limited, a corporation registered in England and Wales, who is the parent of Aon UK Holdings Intermediaries Limited ("Aon UK"), a corporation also registered in England and Wales.[19] Aon UK is the parent of Aon Benfield Limited, a corporation registered in England and Wales, who is the parent of Aon Limited, a corporation regulated by the Financial Services Authority of the United Kingdom and registered in England and Wales.[20] Aon Limited does business as or trades as Aon Benfield, a London-based reinsurance broker.[21] A partial company chart, attached as Exhibit "D," accurately shows the current indirect corporate relationship of Aon Corporation and Aon Limited, d/b/a Aon Benfield.[22]

Consequently, Aon Limited, d/b/a Aon Benfield, is a fourth-tier indirect subsidiary of Aon Corporation.[23] Aon Corporation maintains its own corporate records, separate and distinct from its various direct and indirect subsidiaries, including Aon Limited, d/b/a Aon Benfield, who employs Graham.[24] Aon Corporation's direct and indirect subsidiaries, including Aon Limited, d/b/a Aon Benfield, are independently incorporated, and observe all corporate formalities

---

[18] Ex. B: Affidavit of Jennifer L. Kraft, ¶ 3.
[19] *Id.* at ¶ 4.
[20] *Id.*
[21] *Id.*
[22] Ex. D: Company Chart. Unless otherwise indicated, each subsidiary is 100% owned by its direct parent company identified on the chart. *See also* Ex. B: Affidavit of Jennifer L. Kraft, ¶ 4.
[23] Ex. B: Affidavit of Jennifer L. Kraft, ¶ 4.
[24] *Id.* at ¶ 5.

necessary for their own respective separate corporate existence.[25] Aon Corporation has its own separate Board of Directors and corporate officers, and does not pay bills, invoices, expenses or losses of Aon Limited, d/b/a Aon Benfield, nor does it exercise control over business operations.[26] With respect to the employees of Aon Limited, d/b/a Aon Benfield, Aon Corporation does not hire, fire, or discipline those employees, establish schedules or assignment, or control records, including payroll and taxes.[27] Critically, no employee of Aon Limited, d/b/a Aon Benfield, including but not limited to Graham, is employed by Aon Corporation.[28]

The facts illustrate that alleged actions taken by Graham cannot serve as the basis to exercise personal jurisdiction over Aon Corporation in Louisiana. Aon Limited, d/b/a Aon Benfield, is independently incorporated, and observes all corporate formalities necessary for its own respective separate corporate existence. The fact that Graham's letter's were sent on "Aon letterhead" does not support the exercise of personal jurisdiction over Aon Corporation. *See Administrators of Tulane Educational Fund*, 687 F.Supp.2d at 625 (A parent and subsidiary need not hide their business affiliation in order to maintain their legal independence). In fact, had plaintiffs merely reviewed that correspondence with any care, they would have seen that the correspondence was written on Aon Benfield letterhead, reflecting that Aon Benfield was a d/b/a of Aon Limited, who itself is wholly owned subsidiary of Aon Corporation. Nevertheless, Plaintiffs cannot produce any evidence that illustrates that Aon Corporation controls the "internal business operations and affairs" of Aon Limited, d/b/a Aon Benfield, which is required to exercise personal jurisdiction. Consequently, Plaintiffs' claims against Aon Corporation must be dismissed for lack of personal jurisdiction.

---

[25] *Id.* at ¶ 6. These formalities include maintaining separate bylaws, holding separate regular corporate meetings and/or acting by unanimous written consent in lieu of corporate meetings, keeping separate corporate books and generally following other corporate requirements separately. *Id.*
[26] *Id.* at ¶¶ 6, 7, 8.
[27] *Id.* at ¶ 11.
[28] *Id.*

10

**C.     Dismissal of Aon Corporation Should Not Be Postponed Pending Discovery.**

Given the lack of evidence to support personal jurisdiction over Aon Corporation, Plaintiffs may request the right to pursue discovery to support their conclusory and unsupported allegations. This request should be denied.

The Fifth Circuit has stated that "discovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact." *Sinclair v. StudioCanal, S.A.*, 2010 WL 1743208, at *5 (E.D. La.)(*citing Kelly v. Syria Shell Petroleum Dev. B.V*, 213 F.3d 841, 855 (5th Cir. 2000); *see also Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). Further, "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id*. This Court has held that, when it is clear from the pleadings and papers submitted on the record that this Court lacks personal jurisdiction over a non-resident defendant, and the plaintiff fails to point out a "genuine issue of fact material to the personal jurisdiction inquiry," discovery should be denied. *Sinclair*, 2010 WL 1743208, at *9; *see also DNH, L.L.C. v. In-N-Out Burgers*, 381 F.Supp.2d 559 (E.D. La. 2005); *Mykhaylov v. Masaic Maritime, Inc.*, 2004 WL 2472480, at *2 (E.D. La.)(When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.)

It is clear from a review of the pleadings and affidavits that there is no basis for personal jurisdiction over Aon Corporation, and additional jurisdictional discovery would serve no purpose and should not be permitted. As such, Aon Corporation must be dismissed as a defendant in this lawsuit for lack of personal jurisdiction.

## III. CONCLUSION

For the foregoing reasons, Aon Corporation respectfully requests that this Court grant its Motion to Dismiss for Lack of Personal Jurisdiction, and dismiss Plaintiffs' claims against Aon Corporation with prejudice, and at Plaintiffs' cost.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

*/s/ Gus A. Fritchie*
GUS. A FRITICHIE (#5751)
McDONALD G. PROVOSTY (#29389)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101

*Counsel for Defendant, Aon Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen C. Aertker, Jr.
Bradford Hyde Felder
Thomas H. Huval

*/s/ Gus A. Fritchie*