```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

PETER MYRTLE AND BRITISH-AMERICAN                CIVIL ACTION
INSURANCE GROUP, LTD

VERSUS                                           NO. 10-1677

NICK GRAHAM AND AON CORPORATION                  SECTION: B(2)


## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss (Rec. Doc. No. 15) pursuant to Rule 12(b)(5) for insufficient service of process,[1] which Plaintiffs oppose. For the following reasons, Defendants' Motion to Dismiss is hereby **DENIED.**

Defendant Nick Graham ("Graham") is an individual domiciled in England. Rec. Doc. No. 15-1, at 5. Federal Rule of Civil Procedure 4(f) provides for service upon individuals in a foreign country and states, in pertinent part:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

---

[1] The initial Motion to Dismiss alleged insufficient service of process as to Defendants Aon Limited and Nick Graham. However, Defendants concede in their Reply Memorandum (Rec. Doc. No. 20) that Aon Limited was properly served on December 10, 2010. Accordingly, this Order only refers to Defendant Nick Graham.

Moreover, "Rule 4(f)(1) provides that when service is to be effected outside the United States, the methods of service appropriate under an applicable treaty must be employed if available and if the treaty so requires." *American River Transp. Co. v. M/V BOW LION*, 2004 WL 764181, at *2 (E.D.La. Apr. 7, 2004) (Duval, J.) (citing Fed. R. Civ. P. 4(f)(1) Advisory Committee's Notes (1993 Amendments)). Thus, "Rule 4 clearly requires that defendants located in nations bound by the Hague Convention be served pursuant to the terms of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." *Id.* England is bound by the Hague Convention. Rec. Doc. No. 15-1, at 5.

Defendants first assert that Graham was not properly served because service of process by regular mail (i.e., Federal Express) is not permitted under article 10(a) of the Hague Convention. Rec. Doc. No. 15-1, at 6 (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir. 2002)). However, Plaintiffs acknowledge that service by mail is insufficient pursuant to jurisprudence from the United States Fifth Circuit Court of Appeal, and assert that they did not intend to serve Defendants through the mail, but merely used such method to provide a courtesy copy of the pleadings being served to Defendants. Rec. Doc. No. 16, at 1. Plaintiffs further set forth that they properly requested service by forwarding the appropriate United States Marshal Service forms (Request for Service Abroad of Judicial or Extrajudicial Documents)

2

to the Central Authority in England - the Senior Master of the Supreme Court, Queens Bench Division, Royal Courts of Justice - on November 3, 2010. *Id.; see* Exhibits A and B.

The Hague Convention specifically provides for service from abroad through a State's Central Authority, which is designated by that State to receive judicial documents from other signatory States. *See* Article 2 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. The authority or competent judicial officer from the State in which the documents originate must forward to the Central Authority of the State addressed a "Request for Service Abroad of Judicial or Extrajudicial Documents," a "Certificate" of service on the reverse of the request, a "Summary of the Document to be Served," a cover sheet for the document, and the actual document to be served or a copy thereof. *See* Article 3 and the Annexed Model. It is the responsibility of the Central Authority to review the documents for compliance with the Convention and notify the applicant with any objections to the request. *See* Article 4. If no objections are made, the Central Authority serves the documents in accordance with its State's law, or by a particular method requested by the applicant provided such method is not incompatible with the law of the State addressed. *See* Article 5. The Central Authority then returns to the applicant a certificate stating that either the document has been served, including the method, place, date and to

whom delivery was made, or providing an explanation for why service could not be accomplished. *See* Article 6.

Plaintiffs contend that Graham has been properly served pursuant to the Hague Convention, as evidenced by the Certificate of Service received by Plaintiffs and filed with this Court on January 18, 2011. Rec. Doc. No. 27, at 1; *see* Rec. Doc. No. 23. Defendants however maintain that since the documents were delivered to an individual who is neither Graham's agent or attorney, Graham has still not been personally served pursuant to Federal Rule of Civil Procedure 4 and the Hague Convention, and therefore Plaintiff's claims against Graham must be dismissed for insufficient service of process. Rec. Doc. No. 20, at 4; Rec. Doc. No. 29, at 2.

Several courts have held that the return of a completed certificate of service by a State's Central Authority is prima facie evidence that the service was made in compliance with the Hague Convention procedures and that State's internal laws. *See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1389-90 (8th Cir. 1995); *Unite National Retirement Fund v. Ariela, Inc.*, 643 F.Supp.2d 328, 335 (S.D.N.Y. June 25, 2008) (Jones, J.); *In re Vitamins Antitrust Litigation*, 2001 WL 34088810, *1 (D.D.C. Mar. 9, 2001) (Hogan, J.). "By not objecting to the documents and by certifying service, the Central Authority indicated that the documents complied with the

Convention and that it had served them in compliance with the Convention, i.e., that it had made service as [the State's law] required." *Id.* Accordingly, these courts "decline[d] to look behind the certificate of service to adjudicate the issues of [internal] procedural law" and found that the Defendants had been properly served pursuant to the Hague Convention. *Id.*

Moreover, to rebut the prima facie case established by the completed certificate of service requires a defendant to show lack of actual notice of the proceedings or that the defendant was prejudiced in some way as a result of the alleged deficiency. *Id.* The requirement of service under both the Hague Convention and the Federal Rules of Civil Procedure is intended as "a notice-giving device." *In re Vitamins Antitrust Litigation, supra*, at *1 (citing *Hagmeyer v. U.S. Dept. Of Treasury*, 647 F.Supp.1300, 1303 (D.C.Cir. 1986)). Indeed, courts have consistently held that the Hague Convention "should be read together with Rule 4, which 'stresses actual notice, rather than strict formalism.'" *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 301 (2d Cir. 2005) (quoting *Fox v. Regie Nationale des Usines Renault*, 103 F.R.D. 453, 455 (W.D.Tenn. Nov. 19, 1984) (McRae, J.)). Although the Hague Convention explicitly sets forth the procedure that a litigant must follow in order to perfect service abroad, it fails to prescribe the procedure for the forum Court to follow should an element of the procedure fail. *Burda Media, supra*, at 301. Therefore, "where the plaintiff made

a good faith attempt to comply with the Convention, and where the defendant received sufficient notice of the action such that no injustice would result, it is within the Court's discretion to deem service of process properly perfected." *Unite National Retirement Fund, supra*, at 335 (citing *Burda Media, supra*, at 301). Defendants here have not shown that Graham lacked actual notice or that he suffered any prejudice resulting from the service of process by England's Central Authority.  Accordingly, Defendants' Motion to Dismiss is **DENIED.**

    New Orleans, Louisiana, this 3rd day of February, 2011.

UNITED STATES DISTRICT JUDGE